985 F.2d 574
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William Matthew TOWARD, Petitioner-Appellant,
v.
James GOMEZ, Director, California Department of Corrections,
et al., Respondent-Appellee.
 No. 91-55996.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 1, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William Matthew Toward, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 
 3
 Toward's first contention is that the district court erred in denying his claim as successive that the prosecutor breached his plea agreement. A claim raised on a second or subsequent habeas petition is successive if it "fails to allege new or different grounds for relief and the prior determination was on the merits". Rule 9(b), 28 U.S.C. foll. § 2254; see also Sanders v. United States, 373 U.S. 1, 15 (1963). Different factual arguments do not support a new claim when "the ultimate question for disposition" is the same as in a previous petition. Picard v. Conner, 404 U.S. 270, 277 (1971); Sanders, 373 U.S. at 16.
 
 
 4
 Here, Toward raised the identical claim for relief in a previous habeas petition, which was denied by this court on the merits. Toward v. Borg, No. 90-55330, unpublished memorandum disposition (9th Cir. Nov. 6, 1990). Although Toward included a transcript of the plea proceedings which he did not include in his previous petition, this additional evidence does not support a new basis for relief. See Sanders, 373 U.S. at 16. Therefore, the district court was correct is dismissing this claim as successive.
 
 
 5
 Toward's other contention is that the district court erred in denying his claim that the prior convictions by guilty plea used to enhance his sentence were not knowingly and voluntarily entered into. The district court refused to consider this claim on the merits on the grounds that it was successive. Id. at 15. Respondent asserts that even if the claim is not successive, Toward abused the writ by not raising this claim in his first petition. A claim raised in a second or subsequent habeas petition constitutes an abuse of the writ where the petitioner cannot show cause and prejudice for his failure to raise the claim in an earlier petition, or that he is actually innocent of the crime. McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991).
 
 
 6
 Here, Toward has made no showing of cause and prejudice for his failure to raise this claim in his previous petition, nor that he is innocent of the crime of which he was convicted. Therefore, respondent is correct in asserting that Toward has abused the writ with respect to this claim. See McCleskey, 111 S.Ct. at 1470 (1991). Accordingly, the district court's judgment is affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3